**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ISMAEL SANCHEZ ROJAS,
Petitioner,
v.
WARDEN, Otay Mesa Detention Center,
Respondent.

Case No.: 3:26-cv-04725-RBM-DDL

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 5]**

Pending before the Court is Petitioner Ismael Sanchez Rojas's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 5.) For the reasons below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection in 2003. (Doc. 5 at 3.) He has no criminal history and has been "living in Jacksonville, Florida, ever since." (*Id.*) "On July 1, 2026, [Petitioner] was driving home from work when an officer from the Jacksonville Police Department pulled him over and asked for his license." (*Id.*) Petitioner was subsequently arrested "for operating a motor vehicle without a valid driver's license." (Doc. 7 at 2.) "The Jacksonville police held [Petitioner] for two days before" U.S. Immigration and Customs Enforcement ("ICE") took him into custody. (Doc. 5 at 3.) Petitioner "was never shown a warrant or any other documents relating to his arrest" and "has been detained ever since." (*Id.*) Petitioner was placed in removal proceedings after his arrest. (*Id.*)

Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on August 18, 2026. (Doc. 1.) After the Court referred the Petition to Federal Defenders of San Diego, Inc. (Doc. 2), Petitioner, by and through counsel, filed the instant Amended Petition. (Doc. 5.) Respondents filed a Response to the Amended Petition on September 1, 2026. (Doc. 7.) Petitioner has not filed an optional reply as of the date of this Order.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that the Court should order his immediate release from immigration custody because his arrest was not statutorily authorized under either 8 U.S.C. § 1226(a) or 8 U.S.C. § 1357(a)(2). (Doc. 5 at 2.) In the alternative, Petitioner argues that he is at least entitled to a bond hearing under the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, 25-6842,— F. 4th—, 2026 WL 2196424 (9th Cir. 2026). (*Id.*) Respondents cite *Rodriguez Vasquez* and assert that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. §1226(a)." (Doc. 7 at 2–3)

Because the Parties agree that Petitioner is detained under § 1226, and in light of Respondents' non-opposition, the Court finds that Petitioner is entitled to a bond hearing. *See Rodriguez Vazquez*, 2026 WL 2196424, at *3.

While Plaintiff contends that release is required because his arrest violated 8 U.S.C. § 1357 (*see* Doc. 5 at 3–11), the Court finds that a bond hearing is the appropriate remedy. Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1357(a)(2) allows warrantless arrests, but only when an officer "has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." § 1357(a)(2). "[W]hen arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Rodriguez Pinzon v. Blanche*, No. 3:26-CV-04374-RBM-AHG, 2026 WL 2547063, at *1 (S.D. Cal. Aug. 27, 2026) (quoting *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026)).

In this case, Petitioner was arrested by the Jacksonville Police Department on July 1, 2026, for operating a motor vehicle without a valid driver's license and he "did not provide any information or documentation to reflect legal status." (Doc. 7 at 2.) Petitioner was presented with a Notice of Custody Determination that next day "in which he acknowledged receipt and did not request that an immigration judge review the custody determination." (Doc. 7 at 2; *see* Doc. 7-1, Ex. 3 at 8) He was then served with an administrative warrant on July 3, 2026—two days after his initial arrest—and subsequently transferred to ICE custody. (Doc. 7 at 2*; see* Doc. 7-1, Ex. 2 at 6) The record before the Court therefore indicates that Petitioner received a custody determination and an administrative warrant within 48 hours of his initial arrest. Accordingly, the Court finds that Petitioner is entitled to a bond hearing. *See Valdiviezo v. Mullin*, Case No.: 26-CV-4371 JLS (DEB), 2026 WL 2620977, at *1 (S.D. Cal. Sept. 3, 2026) (concluding a bond hearing was the appropriate remedy where the petitioner's arrest warrant was served four days after his arrest); *Marcelino v. LaRose*, Case No.: 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *2–3 (S.D. Cal. July 30, 2026) (declining to order immediate release and

ordering a bond hearing even after assuming the government failed to comply with warrant requirement); *Gonzalez-Ramos v. Mullin*, Case No.: 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026) (holding a bond hearing was the appropriate remedy for the petitioner's allegedly warrantless detention).

## IV. CONCLUSION

Based on the foregoing reasons, the Amended Petition (Doc. 5) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. The Government is **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance.
2. At the bond hearing, the non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
3. The Government **SHALL NOT** deny the noncitizen's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.
4. If the noncitizen does not request a continuance, and no hearing occurs within fourteen (14) days of the entry of this Order, the noncitizen shall be released from Respondents' custody.
5. The Government **SHALL FILE** a status report **on or before October 6, 2026** indicating whether and when Petitioner received a bond hearing and the results of such hearing.
6. The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATE: September 17, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE